UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA McCAIG,

       Plaintiff,

                                                                 File No.  1:10-CV-1298

v.

                                                                 HON. ROBERT HOLMES BELL

BANGOR CITY POLICE OFFICER,
KEVIN C. RABER, Badge No. 396,

       Defendant.
                                               /

## **O P I N I O N**

This 42 U.S.C. § 1983 excessive force case is before the Court on Defendant's motion for summary judgment (Dkt. No. 17.) For the reasons that follow, the motion will be denied.

### I.

On the night of December 31, 2007, to January 1, 2008, Defendant Kevin C. Raber, an officer working for the City of Bangor, responded to a report of a fight in front of the Bangor Tavern. Defendant drove to the Tavern and witnessed Plaintiff strike another man in the face. Defendant advised Plaintiff that he was under arrest. Defendant placed a handcuff on Plaintiff's right wrist, and then used a takedown maneuver to take Plaintiff to the ground before applying the handcuff to Plaintiff's left wrist. Plaintiff contends that during the course of the arrest, he suffered a fractured wrist and forearm and injury to his shoulder and neck.

Plaintiff filed this action against Defendant Raber, claiming that Defendant used excessive force against him in violation of his Fourth Amendment rights. Defendant Raber has moved for summary judgment.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries his burden of showing there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Defendant has moved for summary judgment on Plaintiff's Fourth Amendment excessive force claim.  Defendant contends that the evidence is not sufficient to create a material issue of fact for trial as to whether the force he used in effectuating the arrest was objectively unreasonable.

"A claim of excessive force under the Fourth Amendment requires that a plaintiff demonstrate that a seizure occurred, and that the force used in effecting the seizure was objectively unreasonable."  *Rodriguez v. Passinault*, 637 F.3d 675, 680 (6th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)).  Application of the Fourth Amendment reasonableness test requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396 (1989). "These factors are not an exhaustive list, and the ultimate inquiry is whether the seizure was reasonable under the 'totality of the circumstances.'"  *Slusher v. Carson*, 540 F.3d 449, 455 (6th Cir. 2008) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 467 (6th Cir. 2007)).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  "This standard contains a built-in measure of deference to the officer"'s on-the-spot judgment about the level of force necessary in light of the circumstances of the

particular case." *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011) (quoting *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002)). "Because this is a test of objective reasonableness, the underlying motivations of the officer in making the arrest should not be examined." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham*, 490 U.S. at 397). Moreover, the extent of the injury inflicted is not crucial to the excessive force analysis. *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 407 (6th Cir. 2009).

Plaintiff's excessive force claim is based on his contention that Defendant forcefully applied the handcuff on this right wrist, threw him to the ground, and jumped on top of him even though Plaintiff complied with Defendant's orders and did not resist or obstruct Defendant's efforts to place Plaintiff under arrest. (Compl. ¶¶ 6-8.) Defendant contends that there is an absence of evidence to support Plaintiff's excessive force claim because Plaintiff acknowledged during his deposition that he was not fully compliant with Defendant's attempt to get his arms behind his back and that he pulled away from Defendant before he was handcuffed. Defendant contends that the force he used was not objectively unreasonable as a matter of law because Plaintiff has admitted that he resisted. Plaintiff objects to this characterization of his actions.

"In determining whether force was excessive, we often must assess the actions of the plaintiff." *Slusher v. Carson*, 540 F.3d 449, 456 (6th Ci. 2008). For purposes of this motion for summary judgment, the parties rely on the same testimony given by Plaintiff at his

deposition.[1]  Although both parties rely on the same deposition testimony, they disagree on what that deposition testimony shows.  The relevant testimony follows.

Just after he hit Chris Bird in the forehead with his open hand, Plaintiff heard Defendant tell him he was under arrest. (McCaig Dep. 16-17.) Plaintiff threw both his hands over his head and said "okay." (*Id.* at 17-18.)  He held out his right arm and Defendant "smacked" the handcuff on his right wrist. (*Id.* at 18.)  Plaintiff told Defendant he did not have to be rough because he would "go easily." (*Id.* at 19.)

> That's when he told me to put my hand behind my back, and he had my arm basically upside down like this (indicating) or palms up.  And as he held it, he said, put your arm behind your back.  And I went to do that, and I said you can't – you have to let go a little bit (indicating).  And he screamed again, put your hand behind your back.  I was like, you have to let go a little bit, I can't.  I put one hand on the car (indicating).
>
> . . . .
>
> At that time I figured he was going to be aggressive because he done smacked me with the handcuffs, had my palms up.  Told me twice to put my hands back, I looked over at his partner and said, don't let him do this, I know what he's doing.  And that's when he screamed a third time, put your F'ing hands behind your back.
>
> . . . .

---

[1] Plaintiff has also provided an "affidavit" from Jamie Little, a witness to the arrest, who states that Defendant had hold of Plaintiff's hand so that Plaintiff could not move it or put it behind his back, and that Plaintiff never resisted and complied with every order.  (Dkt. No. 20, Ex. E, Little Aff. )  Little's statement does not meet the requirements of an affidavit because it was neither sworn to before a notary public nor signed under penalty of perjury and dated as required by 28 U.S.C. § 1746.  *See CareToLive v. Food and Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011).  The affidavit, however, is not essential to this Court's resolution of the motion for summary judgment because it is consistent with Plaintiff's own testimony.

> He said it so loud that it hurt my ear, and the main thing I did was jerk away.
>
> . . . .
>
> He picked me up and slammed me on the ground.
>
> . . . .
>
> He was laying across me screaming, hollering for backup. Hollering, roll the F over, roll the F over. And I laid there (indicating), both arms on the ground laying flat on the ground, talking as calmly as possible. I said, you have to get off my chest for me to roll over, dude.

(*Id.* at 20-22.) After Plaintiff was placed in the police car he felt pain in his arm and shoulder. (*Id.* at 22.) Plaintiff was submissive at all times and did not give Defendant cause to do what he did. (*Id.* at 43.)

Defendant contends that this testimony establishes that Plaintiff resisted, thus making the takedown objectively reasonable. Defendant suggests that this case is analogous to two cases where the Sixth Circuit held that a takedown maneuver in similar circumstances was not excessive force as a matter of law. In *Hayden v. Green*, 640 F.3d 150, 154 (6th Cir. 2011), the Sixth Circuit reversed the denial of qualified immunity based on its determination that it was not objectively unreasonable for the officer to pull Hayden out of his car, or to put Hayden on the ground by jerking his collar downward. *Id.* at 153-54. The court noted that the officer used the minimum force necessary to remove Hayden from the vehicle after Hayden disregarded the officer's initial effort to stop his vehicle. *Id.* at 153. The officer did not follow Hayden down to the pavement with his own body, so as to crush him. *Id.* The officer also used the minimum force necessary to get Hayden back on the ground after

Hayden stood up and disregarded the officer's first directive to "go down." *Id.*

In *Bozung v. Rawson*, 439 F. App'x 513 (6th Cir. 2011), the Sixth Circuit held that, in light of Bozung's concession that he was told to place his hands behind his back and that two or three minutes passed before the officer performed the takedown, there was no question of fact that he had a sufficient amount of time to comply with the officer's command. *Id.* at 520.

*Hayden* and *Bozung* do not suggest that a takedown maneuver is appropriate in every arrest. Those cases relied on the undisputed evidence that the plaintiffs failed to comply with the officer's orders before they were taken down. In this case, the evidence of Plaintiff's alleged failure to comply is not as clear cut as in *Hayden* and *Bozung*. First, there is no evidence of a prior disregard of an officer's orders. *See Hayden*, 640 F.3d at 153 (noting that the officer could reasonably believe that Hayden had refused to stop his vehicle despite an officer's obvious indication that he should); *Bozung*, 439 F. App'x at 514 (noting that the unknown driver of Bozung's vehicle fled after being stopped by the officer). Second, although Plaintiff acknowledges that he failed to put his arm behind his back as ordered, he states that he was prevented from doing so because of the manner in which Defendant was holding his arm. Moreover, although Plaintiff acknowledges that he jerked away when Defendant screamed directly in his ear, there is a question of fact as to whether an officer in Defendant's position would have reasonably perceived Plaintiff's action as resistance as opposed to a natural reaction to a sudden loud noise.

Defendant contends that Plaintiff's alleged inability to comply with the officer's order does not mean that the officer's use of force was unreasonable. Defendant notes that in *Dunn v. Matatall*, 549 F.3d 348 (6th Cir. 2008), the court held that it was objectively reasonable for officers to use force in removing the plaintiff from his car even though the difficulty they experienced in removing the plaintiff had likely been caused by a seatbelt rather than by the plaintiff's purposeful resistance. *Id.* at 354-55. Similarly, in *Blosser v. Gilbert*, 422 F. App'x 453, 458 (6th Cir. 2011), the court held that it was objectively reasonable for the officers to use force in removing Blosser from his truck because, even though Blosser's resistance was likely caused by the steering wheel, the officers could reasonably have perceived it as purposeful resistance necessitating a higher level of force. 422 F. App'x at 458.

The critical question is what amount of force the officer reasonably perceived to be necessary under the totality of the circumstances. In *Dunn* and *Blosser*, there was no evidence that the officers comprehended that the difficulty in removing the plaintiffs from their vehicles was caused by something other than the plaintiffs' purposeful resistance. By comparison, in this case, there is evidence that Plaintiff was unable to comply because of Defendant's own actions. If Defendant did not give Plaintiff ample opportunity or ability to comply with his verbal command prior to engaging in the takedown maneuver, his actions could be viewed as objectively unreasonable. *See Harris v. City of Circleville*, No. 2:04-CV-1051, 2008 WL 211363 at *11 (S.D. Ohio Jan. 23, 2008) (holding that a reasonable jury could find excessive force where the plaintiff testified that the officers did not give him

8

ample time or opportunity to comply with their verbal commands prior to engaging in the takedown maneuver); *Watkins v. Kanitz*, No. 1:03-CV-428, 2004 WL 3457634 at *6 (W.D. Mich. Sept. 24, 2004) (denying summary judgment on claim of excessive force where plaintiff testified that the officer began hitting her without giving her any time to comply with command to exit her vehicle).

There are additional factors distinguishing this case from those where physical force was found to be objectively reasonable as a matter of law. For example, there was no preceding car chase or similar event that would have increased the officer's perception of non-compliance and dangerousness. *Cf. Dunn*, 549 F.3d at 354 ("Dunn's conduct in fleeing gave the Officers reason to be especially suspicious of Dunn once he finally did pull over."); *Blosser*. 422 F. App'x at 458 ("Given the dangerousness of Blosser's attempt at evasion [car chase], the officers were also justified in believing that Blosser might pose an immediate threat to their safety and the safety of others."). Furthermore, the Court does not have a video recording of the events surrounding the arrest. *Cf. Dunn*, 549 F.3d at 354 ("[W]e conclude that the video shows that the Officers acted reasonably in attempting to neutralize a perceived threat by physically removing Dunn from his vehicle after he led Officer Matatall on a car chase and then appeared to refuse the Officers' commands to exit the car.").

Plaintiff's deposition does not establish, as a matter of law, that a reasonable officer in Defendant's position would have construed Plaintiff's actions as resistant and necessitating a takedown maneuver to effectuate the arrest. There are issues of fact that

preclude this Court from finding, on this record, that Defendant's actions were objectively reasonable. The reasonableness of Defendant's actions depends on which characterization of the facts the jury accepts. Accordingly, Defendant's motion for summary judgment on Plaintiff's Fourth Amendment excessive force claim will be denied.

### IV.

Even if Defendant is not entitled to summary judgment on Plaintiff's Fourth Amendment excessive force claim, Defendant contends he is nonetheless entitled to summary judgment on the basis of qualified immunity.

> A defendant enjoys qualified immunity on summary judgment unless the facts alleged and the evidence produced, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established.

*Morrison v. Bd. of Trustees Of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009). As noted above, the evidence, viewed in the light most favorable to Plaintiff, would permit a reasonable juror to find that Defendant used excessive force in violation of Plaintiff's Fourth Amendment rights. However, Defendant would still be entitled to summary judgment if Plaintiff's rights were not clearly established at the time of the incident.

A right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Thus, the relevant inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The qualified immunity analysis

"must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201.

> Thus, in the excessive force context, it is not enough that a plaintiff establishes that the defendant's use of force was excessive under the Fourth Amendment. To defeat qualified immunity, the plaintiff must show that the defendant had notice that the manner in which the force was used had been previously proscribed.

*Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403-04 (6th Cir. 2007).

The right to be free from the use of excessive force under the Fourth Amendment is clearly established. *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir. 1994) (citing *Graham*, 490 U.S. at 392–93). More specifically, it is clearly established that one has a "right to be free from physical force when one is not resisting the police." *Wysong v. City of Heath*, 260 F. App'x 848, 856 (6th Cir. 2008); *see also Pershell v. Cook*, 430 F. App'x 410, 415 (6th Cir. 2011) (holding that using a leg sweep to knock a suspect to the ground was unreasonable when the suspect "did not resist arrest or pose an immediate danger to officers"); *Lawler v. City of Taylor*, 268 F. App'x 384, 386–87 (6th Cir. 2008) (concluding that the officer's "use of force in throwing Lawler to the floor was disproportionate to any threat he faced," given that Lawler had merely insulted the officer and "raised his left arm slightly"); *Smoak v. Hall*, 460 F.3d 768, 784 (6th Cir. 2006) (holding that it was unreasonable to tackle a cuffed and compliant suspect); *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004) (holding that it was not objectively reasonable to attempt a leg sweep on a suspect who was complying with the officers' demands). In other words, if Plaintiff did not resist Defendant's

efforts to handcuff him, it would be clear to a reasonable officer that it would be unlawful to use a takedown maneuver to handcuff him. The record evidence establishes that there is a question of fact as to whether Plaintiff resisted Defendant's efforts to handcuff him. Under these circumstances, summary judgment on the issue of immunity is not appropriate. The jury must be the final arbiter of Defendant's claim of immunity since "the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury." *Adams*, 31 F.3d at 387 (quoting *Brandenburg v. Cureton*, 882 F.2d 211, 215-16 (6th Cir. 1989)).

For the foregoing reasons, Defendant's motion for summary judgment will be denied. An order consistent with this opinion will be entered.


Dated: March 27, 2012                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE